WARFIELD-PRATT-HOWELL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10191, 19194.   Promulgated September 10, 1928.

*M. J. Holland, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LANSDON: In accordance with the provisions of the stipulation, the invested capital for 1918, as determined by the respondent in the deficiency notice, should be increased by the sum of $73,272.75.

There remains but one issue for decision—that relating to the additions made by the respondent to the inventories of 1918 and 1919 in the amounts of $36,903.73 and $44,106.17, respectively, resulting from the disallowances of the deductions taken for cash discounts. The parties have stipulated that prior to 1918 and subsequent to 1919 the petitioner priced its inventories at cost or market, whichever was lower; and we understand this part of the stipulation to mean that, except for 1918 and 1919, the two years in controversy, the basis for petitioner's valuations of its inventories consistently has been cost or market, whichever was lower, without regard to cash discounts. The parties stipulated further that the inventories for 1918 and 1919 were first valued by the petitioner at cost or market, whichever was lower, and from the total of each it deducted 1½ per cent of the total, or the sums of $36,903.73 and $44,106.17, respectively, as the average cash discounts on the merchandise in the inventories; that the average cash discount of 1½ per cent was not in excess of the actual average rate which had been allowed petitioner by its vendors at the time of payment for items included in the inventories; and that the allowances of cash discounts, in 95 per cent of the cases, were granted to petitioner for payment of the invoices within 10 days from the dates thereof.

The applicable statutory provisions are found in section 203 of the Revenue Act of 1918, and are as follow:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories

shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

The regulations of the Commissioner, promulgated in pursuance of the foregoing provisions of the statute, so far as material here, are as follow:

ART. 1582. *Valuation of inventories.*—Inventories must be valued at (*a*) cost or (*b*) cost or market, whichever is lower. * * *

ART. 1583. *Inventories at cost.*—Cost means:

(1) In the case of merchandise purchased, the invoice price less trade or other discounts, except strictly cash discounts, approximating a fair interest rate, which may be deducted or not at the option of the taxpayer, provided a consistent course is followed. * * *

ART. 1584. *Inventories at market.*—Under ordinary circumstances, "market" means the current bid price prevailing at the date of the inventory for the particular merchandise in the volume in which ordinarily purchased by the taxpayer * * *.

Our inquiry is definitely limited by the pleadings and stipulated facts to whether the petitioner, under the provisions of the statute and the respondent's regulations, may reduce its inventories for 1918 and 1919, valued at cost or market, whichever is lower, by the average cash discounts taken on the merchandise comprising its inventories. No question is raised as to the validity of the respondent's regulations relating to the valuation of inventories; rather, the petitioner demurs thereto, and relying upon the exception in subparagraph (1) of article 1583—"except strictly cash discounts, approximating a fair interest rate, which may be deducted or not at the option of the taxpayer, provided a consistent course is followed," contends that it was required by the respondent's own regulations to reduce its inventories by the cash discounts taken on the merchandise included therein, since the average cash discount of 1½ per cent for 10 days " is equivalent to 36½ per cent per year and greatly in excess of a fair interest rate." Respondent takes the position that the petitioner has not followed a consistent course in its treatment of cash discounts, with the result that the net income of the years in controversy is not clearly reflected by the method adopted by petitioner for those years.

Two methods of accounting for purchase cash discounts are in general use in business, and both have their advocates among the leading accounting authorities. Under one method, the discounts are deducted from the invoice prices and only the net amounts are charged against purchases. Under the other method the gross invoice prices are charged against purchases and cash discounts allowed are accounted for as financial income arising from the employment of business funds. It was undoubtedly in recognition of the fact that both of these methods were in general use, and that the effect of either on net income is the same, that taxpayers were extended the

option in article 1583 of Regulations 45 to deduct or not to deduct from invoice prices the cash discounts, approximating a fair interest rate, provided a consistent course is followed. In the assignment of values to merchandise in the inventory at the close of the year due regard must be had for the method followed in the treatment of cash discounts. If cash discounts are deducted from invoice prices and only the net amounts are charged against purchases, a like procedure must be followed in the valuation of inventories and merchandise included therein priced at the net invoice prices. On the other hand, if the practice is to charge the gross invoice price to purchases and account for the discounts as income, the merchandise in the inventory must be priced at gross invoice prices, i. e., without deduction of cash discounts. The rule is partially stated in Office Decision 326, promulgated by respondent in Cumulative Bulletin No. 1, p. 56, as follows:

Taxpayers who as a matter of settled practice do not deduct cash discounts from purchases, but who take the merchandise purchased into their inventories at invoice price (less trade or other discounts other than strictly cash discounts), carrying the discounts in a discount account, may not, in valuing their closing inventories for income tax purposes, deduct from the invoice price of the merchandise on hand at the close of the taxable year the average amount of cash discount received on such merchandise; neither may the amount of cash discount earned, to be reported as income, be decreased by an amount representing the estimated cash discount received on merchandise on hand at the close of the year.

Stated briefly, the rule is that whatever the method employed in accounting for cash discounts, it must be consistently applied in the entire scheme of accounting which includes the valuation of the inventory on hand at the close of the year. What method the petitioner may have employed in accounting for cash discounts, we do not know. The record is entirely silent in that respect. It could not price its inventories at net invoice prices, unless it followed the practice of taking its purchases into its accounts at net invoice prices. The respondent increased the inventories by the amounts deducted for cash discounts, the effect of which was to value the merchandise therein at gross invoice prices, and, in the absence of evidence to the contrary, we must assume that the respondent's action was in conformity with petitioner's practice as to the treatment of cash discounts. Such being the case, we could not sanction the valuing of the inventories upon a basis inconsistent with that practice.

Article 1583 of Regulations 45, quoted above, requires, by implication at least, that in valuing the inventories at cost invoice prices shall be reduced by cash discounts in excess of a fair interest rate. The theory of this requirement is that so-called " cash discounts " in excess of a fair interest rate are not strictly cash discounts, but are in the nature of rebates or trade discounts, and are to be regarded and treated as reductions of invoice or purchase prices. Petitioner

contends that the cash discounts allowed to it during 1918 and 1919, averaging 1½ per cent for 10 days, are greatly in excess of a fair interest rate, and, therefore, are not within the optional provisions of article 1583 of Regulations 45, but must be deducted from invoice prices in valuing the inventories. Whether a specific allowance is to be considered as a cash discount is a question of fact to be determined according to the evidence. No general rule as to what discounts approximate a fair interest rate can be laid down, because of the many and divergent factors to be considered, such as prevailing interest rate in the particular locality, trade or business customs and practices, and other relevant circumstances. The burden of proof that the cash discounts allowed to it were in excess of a fair interest rate was upon the petitioner. We can make no inferences based on the equality of a translation of a discount rate from a period of days to one of a year; the comparison may be, and usually is, a wholly improper one. The only fact in this connection which we have been able to find is that stipulated by the parties—"That the average cash discount of 1½ per cent was not in excess of the actual average rate which had been allowed petitioner by its vendors at the time of payment for items included in its inventories." Standing alone, this stipulated fact manifestly indicates a discount rate of "1½ per cent for 10 days" to be usual and customary in petitioner's particular line of business. Without clear and convincing proof to support the allegation, we are not disposed to hold with petitioner that the cash discounts allowed to it exceeded a fair interest rate and partook of the nature of rebates or trade discounts which must be deducted from invoice prices in valuing the inventories.

The reasons advanced by respondent for his action are sound. The option to deduct or not to deduct cash discounts, extended by article 1583 of Regulations 45, is obviously not one which may be exercised in every taxable year. Once the option is exercised, the particular method adopted must be followed consistently until permission is given to make a change or a clear reflection of income necessitates that a change be made. Any other course would lead to distortions in income, and the net income of the year in which the change is made will not be clearly reflected. Such would be the case if we permitted the petitioner to value its inventory for 1918 on the basis for which it contends. The opening inventory for that year was valued on the basis of cost or market, whichever is lower, without regard to cash discounts, while it seeks to value the closing inventory at cost or market, whichever is lower, less cash discounts. This it may not do. *Appeal of Thomas Shoe Co.*, 1 B. T. A. 124; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Leedom & Worrall Co.*, 10 B. T. A. 825; *Holeproof Hosiery Co.*, 11 B. T. A. 547.

*Decision will be entered under Rule 50.*